UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BONNIE ANN TREGRE LOUPE, LEE ANN TREGRE CORTEZ, and SHERRY TREGRE CORTEZ,
Plaintiffs

VERSUS

PENNSYLVANIA GENERAL INSURANCE COMPANY (f/k/a AMERICAN EMPLOYERS INSURANCE COMPANY); ONEBEACON AMERICA INSURANCE COMPANY (as successor to COMMERCIAL UNION INSURANCE COMPANY and EMPLOYERS COMMERCIAL UNION INSURANCE COMPANY); THE TRAVELERS INDEMNITY COMPANY (f/k/a THE AETNA CASUALTY & SURETY COMPANY); HUNTINGTON INGALLS INCORPORATED (f/k/a NORTHROP GRUMMAN SHIPBUILDING, INC., NORTHROP GRUMMAN SHIP SYSTEMS, INC., AVONDALE INDUSTRIES, INC., AVONDALE SHIPYARDS, INC., AVONDALE MARINE WAYS, INC.) and its executive officers, ALBERT L. BOSSIER, JR. and J. MELTON GARRETT; HOPEMAN BROTHERS, INC.; BAYER CROPSCIENCE, INC. (successor to RHONE POULENC AG INC., f/k/a AMCHEM PRODUCTS, INC., f/k/a BENJAMIN FOSTER COMPANY); EAGLE, INC. (f/k/a EAGLE ASBESTOS & PACKING COMPANY, INC.); FOSTER-WHEELER LLC (f/k/a FOSTER-WHEELER CORPORATION); GENERAL ELECTRIC COMPANY; THE MCCARTY CORPORATION (successor to MCCARTY BRANTON, INC., and predecessor and successor to MCCARTY INSULATION SALES, INC.); REILLY-BENTON COMPANY, INC.; TAYLOR-SEIDENBACH, INC.; CBS CORPORATION (f/k/a WESTINGHOUSE ELECTRIC CORPORATION); UNIROYAL, INC.; and OWENS-ILLINOIS, INC. ,
Defendants

CIVIL ACTION NO. ____________

SECTION ______

JUDGE: ______________________

MAG. JUDGE: ________________

*****************************************************************

**NOTICE OF REMOVAL**

APPEARING under 28 U.S.C. §§ 1442 and 1446, the defendants, Huntington Ingalls Incorporated (f/k/a Northrop Grumman Shipbuilding, Inc., f/k/a Northrop Grumman Ship Systems, Inc., f/k/a Avondale Industries, Inc., f/k/a Avondale Shipyards, Inc., and f/k/a Avondale Marine Ways, Inc.) ("Avondale"), Albert L. Bossier, Jr., J. Melton Garrett, OneBeacon America Insurance Company, and Pennsylvania General Insurance (collectively referred to as the "Avondale Interests" or "Avondale"), notice the removal of the above-entitled action bearing No. 2015-4474 on the docket of the Civil District Court for the Parish of Orleans, State of Louisiana, (the "State Case") to the United States District Court for the Eastern District of Louisiana. This Court has subject matter jurisdiction in that the State Action is an action for or relating to conduct under color of federal office commenced in a state court against a person acting under one or more federal officers within the meaning of 28 U.S.C. § 1442(a)(1). The grounds for removal are as follows:

1.

Venue of the removed action is proper in this Court as it is the district court for the district in which the State Case is pending. 28 U.S.C. § 1442(a).

2.

Avondale is a named defendant in the State Case, which was filed on May 11, 2015, by Marie Nell Martinez Tregre.[1] Mrs. Tregre alleged that she was exposed to asbestos from laundering the work clothes of her late husband, Lee Tregre, who was employed at Avondale Shipyard from April 1952 to January 1994, and that those alleged exposures caused her to contract mesothelioma. Mrs. Tregre died on September 2, 2015. Her three adult children,

[1] *See* Exhibit A, Petition for Damages.

Bonnie Ann Tregre Loupe, Lee Ann Tregre Cortez, and Sherry Tregre Cortez, were substituted as plaintiffs on September 16, 2015.[2] They assert survival and wrongful death claims.

3.

The original and amending and supplemental petitions contain broad allegations of exposure to asbestos, but provide no details as to where or how Mrs. Tregre's late husband was exposed to asbestos at Avondale, or how he came to take that asbestos home on his work clothes. More specifically, the petitions do not link her alleged asbestos exposures to any vessels being built by Avondale under contracts with the United States government.[3]

4.

On April 15, 2016, Mrs. Tregre's son-in-law, Kevin Cortez, listed in the plaintiffs' witness list as a fact witness, testified by deposition that he had worked as an insulator at Avondale from the late 1960s to the mid-1970s, and had worked side-by-side with Lee Tregre in the engine rooms and superstructure of a number of vessels, including two Destroyer Escorts being built by Avondale for the United States Navy and Coast Guard Cutters being built by Avondale for the United States Coast Guard. According to Mr. Cortez, the work he and Lee Tregre performed aboard those vessels involved handling half-round asbestos pipe covering insulation, asbestos cloth, asbestos cement, asbestos turbine insulation, and asbestos boiler insulation, exposing Mr. Tregre to the dust from those products. Further, he testified that he and Mr. Tregre routinely worked in the same compartments as joiner contractor employees who were using power skilsaws, power jigsaws, and power drills to cut and drill asbestos wallboard on the Coast Guard Cutters and that Mr. Tregre was exposed to dust from that activity.

---

[2] *See* Exhibit C, Second Supplemental and Amending Petition.

[3] *See* Exhibit A, Petition for Damages, Exhibit B, First Supplemental and Amending Petition, and Exhibit C, Second Supplemental and Amending Petition.

5.

Kevin Cortez's deposition was the first event from which the Avondale Interests were able to ascertain that Mrs. Tregre's alleged asbestos exposure relates, at least in part, to asbestos-containing materials installed aboard Destroyer Escorts and Coast Guard Cutters (the "Federal Vessels") being built by Avondale under the supervision of one or more officers of the United States. This Notice of Removal is therefore timely filed under 28 U.S.C. § 1446(b)(3). *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002).

6.

Avondale, a corporation, is a "person" within the meaning of 28 U.S.C. § 1442(a)(1). *Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 398 (5th Cir. 1998).

7.

When Avondale was building the Coast Guard Cutters and the Navy Destroyer Escorts, it was "acting under" a federal government "officer" with the meaning of § 1442(a)(1) because an "officer" or "agency" of the federal government hired Avondale to perform a task that the federal government would have otherwise had to perform itself, that is, build ships "used to help conduct a war" and to further other national interests. *Watson v. Philip Morris Companies, Inc.*, 551 U.S. 142, 153-54 (2007).

8.

The claims made by the plaintiffs against Avondale in this action are claims for or relating to acts performed by Avondale under color of federal office within the meaning of 28 U.S.C. § 1442(a)(1). The original petition alleges, among other things, that Avondale was strictly liable for the mere use of asbestos. Assuming *arguendo* that Mrs. Tregre was exposed to asbestos as a result of asbestos-containing materials used and/or installed in the construction of

the Federal Vessels, Avondale was required to use asbestos in the construction of the Federal Vessels by the federal government, the government exercised supervision over the shipyard's work to ensure compliance with the contractual requirements, and Avondale was obligated to follow the government's directions. *Savoie v. Huntington Ingalls, Inc*., 817 F.3d 457 (5th Cir. 2016), *pets. for rehearing pending*; *Winters v. Diamond Shamrock Chem. Co.,* 149 F.3d 387, 398-400 (5th Cir. 1998).

9.

Avondale invokes the government contractor immunity established by *Boyle v. United Techs. Corp.,* 487 U.S. 500 (1988), and its progeny as a colorable federal defense to one or more of the claims asserted by the plaintiffs in this action.

10.

During the period of Lee Tregre's alleged asbestos exposure aboard the Federal Vessels at Avondale, those Vessels were being constructed pursuant to contracts executed between Avondale (on the one hand) and the United States government (on the other).

11.

The Federal Vessels were constructed at Avondale under mandatory terms, directions, and specifications established by the United States government, including the United States Navy and the United States Coast Guard. These detailed, precise specifications mandated the installation of asbestos and asbestos-containing products on the Federal Vessels during the relevant time period.

12.

The Federal Vessels conformed to the specifications mandated by the federal government. The specifications mandated the use of asbestos, and Avondale built the Federal

Vessels with asbestos.

13.

The ship-building process—including the use and installation of asbestos-containing materials aboard the Federal Vessels—was continually supervised and monitored by inspectors and other representatives of the United States government who ensured that Avondale was complying with the government requirements.

14.

Dock Trials, Builder's Trials, and Sea Trials on the Federal Vessels were performed before the commissioning of each Federal Vessel to ensure conformity with the design specifications mandated by the United States government.

15.

At all material times, the federal government, especially the United States Navy, had knowledge about the hazards of asbestos that was greater than or equal to Avondale's knowledge.

16.

Removal under 28 U.S.C. § 1442(a)(1) does not require the consent of any served defendant. *Humphries v. Elliott Co.*, 760 F.3d 414, 417 (5th Cir. 2014); *Doe v. Kerwood*, 969 F.2d 165, 168 (5th Cir.1992).

17.

While 28 U.S.C. § 1446(c)(1) states that any action is unremovable from one year after commencement of the action, § 1446(c)(1), by its express terms, only applies to removal based upon diversity of citizenship.

18.

Since this Court has federal officer jurisdiction over at least one of the claims asserted by the plaintiffs, the Court also has supplemental jurisdiction under 28 U.S.C. § 1367(a) over all of the plaintiffs' claims.

19.

Concurrent with the filing of this Notice of Removal, written notices have been given to all parties, and a copy of this Notice of Removal is being filed with the Clerk of the Civil District Court for the Parish of Orleans, State of Louisiana. Likewise, the Avondale Interests are filing with this Notice a "copy of all process, pleadings, and orders served upon" them in the State Case. 28 U.S.C. § 1446(a) & (d).

ACCORDINGLY, the Avondale Interests hereby give notice that the proceeding bearing number 2015-4474 in the Civil District Court for the Parish of Orleans, State of Louisiana, is removed to the docket of this Court for trial and determination as provided by law, and asks that this Court enter such orders and issue such process as may be proper to bring before it copies of all records and proceedings in the State Case, and to proceed with this civil action as a matter properly removed.

Respectfully submitted,

**/s/ John M. Futrell _____**
GARY A. LEE (#08265), T.A.
JOHN M. FUTRELL (#5865)
M. SCOTT MINYARD (#31879)
KEVIN POWELL (#25324)
DAPHNE M. LANCASTER (#34630)
**LEE, FUTRELL & PERLES L.L.P.**
201 St. Charles Avenue, Suite 4120
New Orleans, LA 70170
Telephone: (504) 569-1725
Facsimile: (504) 569-1726
***Counsel for Huntington Ingalls Incorporated, Albert Bossier, Jr., and J. Melton Garrett***

***And-***

Samuel M. Rosamond (#17122)
Adam D. deMahy (#29826)
Angela J. O'Brien (#34010)
**TAYLOR, WELLONS, POLITZ & DUHE, APLC**
1515 Poydras Street – Suite 1900
New Orleans, LA 70112
Telephone: (504) 525-9888
Facsimile: (504) 525-9899
***Counsel for OneBeacon America Insurance Company and Pennsylvania General Insurance Company***

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Notice of Removal was filed electronically with the Clerk of Court using the Court's CM/ECF system and a copy sent to all counsel of record by electronic means on the _____ day of May, 2016.

**/s/ John M. Futrell**